CHARLES LOUIS GOUSE V. STATE

No. 27,940. January 25, 1956

*Charles E. Tobin, Dallas,* for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn,* Assistant Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of marijuana, a narcotic drug; the punishment, six years in the penitentiary.

The trial was had on June 14, 1955, which was prior to the effective date of the act of the 54th Legislature, p. 903, Ch. 354, which amended the punishment for violation of the Uniform Narcotic Act so as to deny the benefits of the suspended sentence law to one convicted for its violation.

Appellant pleaded guilty and filed application for suspension of sentence, and upon a jury trial his punishment was assessed at six years, a term to which the suspended sentence law could not be applied. He gave notice of appeal when sentence was pronounced.

Bill of Exception No. 2 complains of the testimony of H. K. Carr, a police officer, who testified on direct examination that appellant's reputation for being a peaceful and law-abiding citizen was bad. On cross-examination the witness Carr testified that he had never discussed appellant's general reputation with anyone in the community where he lived, so really had no knowledge of such.

The complaint is addressed to the following question addressed to this witness on redirect examination, and the answer thereto. "Q. Now Detective Carr, you know what his reputation is with your department, do you not? A. Essentially, yes."

Appellant's objection to such testimony was sustained and the jury instructed to disregard it.

424

The bill further reflects that Hal Hood, a Dallas County fire marshall, also testified that appellant's general reputation for being a peaceful and law abiding citizen was bad. Complaint is made of this witness being permitted, on redirect examination, to testify as to his duties as a fire marshall: "I investigate all arson fires that occur in the county."

We overrule the contention that the matter referred to in this bill should cause reversal because the jury was left with the impression that appellant "had been charged with something" or had been previously arrested on other charges.

The remaining claim for reversal is predicated upon the fact that appellant was not permitted to show that after he was apprehended in possession of marijuana, and had confessed thereto, he assisted Federal Narcotic Agent Hicks (or the government).

The trial court did not err in excluding such testimony as immaterial and irrelevant.

The evidence shows that appellant was in possession of marijuana, some of which was in two paper sacks and some in tobacco cans. He emptied the contents of the sacks before the officer could arrest him, but a sufficient amount was recovered for chemical analysis. Also the contents of the tobacco cans was analyzed and both the sacks and cans were shown to contain marijuana.

This testimony, appellant's plea of guilty and his confession, and the state's proof of his bad reputation, rather than the claimed errors, no doubt account for the jury's verdict.

The judgment is affirmed.